## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Just Oil & Grains Pte. Ltd.,** | § | |
| | § | |
| | § | |
| | § | **Admiralty Rule 9(h)** |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **Murex, LLC** | § | |
| | § | |

## <u>ORIGINAL COMPLAINT</u>

Plaintiff, **JUST OIL & GRAINS PTE. LTD.** (hereinafter referred to as "Just Oil" or "Plaintiff"), files this, its Original Complaint against Defendant, **MUREX, LLC** (hereinafter referred to as "Murex" or "Defendant"), and alleges, upon information and belief, as follows:

### PARTIES

1.     At all times to this action, Just Oil was, and still is, a foreign company duly organized and operating under the laws of Singapore.

2.     Murex is a Texas limited liability company authorized to conduct business in the State of Texas with its principal place of business located at Legacy Town Center I, 7160 North Dallas Parkway, Suite 300, Plano, Texas 75024 and a local office at 55 Waugh Drive, Suite 510, Houston, Texas 77007. Just Oil requests that summons be issued so that Murex can be served. Murex may be served through its registered agent, Joseph M. Coleman, 1601 Elm Street, Suite 3700, Dallas, Texas 75201.

### JURISDICTION AND VENUE

3.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

4.      Venue is proper in this District because Murex is a resident of this District. *See* 28 U.S.C. § 1391. Murex conducts business in the State of Texas and has a local office at 55 Waugh Drive, Suite 510, Houston, Texas 77007, which is within this District.

## BACKGROUND FACTS

5.      On August 14, 2015 Just Oil entered into a sales agreement with Murex, whereby Murex agreed to supply Undenatured Fuel Ethanol PNS Grade between August 15, 2015 and December 15, 2015 (the "Sales Agreement"). The Sales Agreement included an addendum that specifically relates to the cargo at issue (the "Addendum"). A copy of the Sales Agreement and Addendum are attached hereto as **Exhibit A**. As used herein, references to the Sales Agreement also include the Addendum unless the context indicates otherwise.

6.      The Sales Agreement was on an FOB Oiltanking Texas City basis for 7,500 cubic meters of ethanol from Murex. Just Oil applied a +/- 2% buyer's option to nominate 7,350 cubic meters (the "cargo") to load onto the vessel CHEMBULK BARCELONA in Texas City, Texas.

7.      The Sales Agreement identified the parties' rights and obligations concerning laytime and demurrage[1] and incorporated Just Oil's charter party for the CHEMBULK BARCELONA. With respect to laytime under the Shipping Terms, both the Sales Agreement and Addendum state: "Laytime: Shall commence when vessel is NOR + 24 hours or All Fast; until hose off." (**Ex. A**, Sales Agreement, at 2, Addendum, at 4). With respect to demurrage, both documents also state: "Load

---

[1] Demurrage is a liquated damage for delay set forth in a charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations).

demurrage to be calculated as per value paid by buyer." (**Ex. A**, Sales Agreement, at 2, Addendum, at 4).

8.      Just Oil chartered the CHEMBULK BARCELONA to carry the cargo from the load port of Texas City, Texas to various discharge ports.

9.      The charter party's demurrage rate for the CHEMBULK BARCELONA was USD 24,000 per day. As noted above, the Sales Agreement, and Addendum provided for laytime and demurrage to be calculated based on "NOR + 24 hours" (NOR being when the vessel gives Notice of Readiness to load).

10.     The CHEMBULK BARCELONA tendered its Notice of Readiness ("NOR") to load the cargo on December 9, 2015 at 1100. A copy of the NOR is attached hereto as **Exhibit B**. However, per the vessel's Statement of Facts, the NOR was not accepted and the vessel was not all fast at the dock for loading until 2330 on December 12, 2015, resulting in a delay to the CHEMBULK BARCELONA. A copy of the vessel's Statement of Facts and Tanker Dock Activity Log is attached hereto as **Exhibit C**. Last hose off occurred on December 14, 2015 at approximately 1205. (*Id.*).

11.     This delay discussed above was caused by Murex's failure to release the cargo and authorize testing, *inter alia*, when the vessel arrived. Berthing of the vessel took place days late. Due to the delay in loading, Just Oil later received a notice of claim from the vessel owner's interests for demurrage.

12.     Moreover, after loading, it became apparent that the full agreed volume of cargo had not been loaded onto the vessel and the tonnage of cargo was

3

less than the minimum agreed in the charter party. Deadfreight was therefore incurred by Just Oil.

## CLAIM FOR DEMURRAGE & DEADFREIGHT

13.     Murex materially breached the Sales Agreement, specifically including but not limited to, the maritime conditions set forth herein (including the terms of the charter party incorporated therein), in that it failed to timely supply cargo to the vessel, otherwise delayed the timely loading of the CHEMBULK BARCELONA, and failed to provide the minimum cargo specified in the sales contract. As a result, Just Oil incurred demurrage charges owed to the vessel owner's interests.

14.     Just Oil sent Murex an invoice of USD 58,800 for incurred demurrage. A copy of the invoice is attached hereto as **Exhibit D**. Such demurrage is for Murex's account per the Sales Agreement. Murex has failed to pay the invoice.

15.     By way of Murex's breach of the Sales Agreement, Just Oil also incurred deadfreight[2] to the vessel owner's interests due to Murex's failure to deliver the minimum agreed upon cargo for loading aboard the CHEMBULK BARCELONA. Just Oil was obligated to load approximately of 5,807 metric tons of cargo under its charter party for the vessel, but Murex only delivered approximately 5,764.977 metric tons of cargo, thereby creating a shortfall of approximately 41.210 metric tons at the charter party rate of USD 85.00 per metric ton. Just Oil has thus incurred deadfreight charges of USD 3,502.85. Such deadfreight is for Murex's

---

[2] Deadfreight is a liquidated damage payable by the charterer, or shipper, of cargo to the vessel owner for failure to load the cargo quantity agreed in the charter party. The amount owed is equivalent to the owner's loss of freight due to the cargo quantity not being loaded as agreed in the charter party.

account. A copy of the invoice received by Just Oil for deadfreight is attached hereto as **Exhibit E**. Murex has failed to pay the deadfreight charge.

16.     As a result of Murex's aforesaid breaches, Just Oil has sustained damages in the principal amount of USD 62,302.85, exclusive of litigation costs and attorneys' fees. These damages are for the account of Murex, and Just Oil is entitled to recover such amount from Murex for its breaches.

## CLAIM FOR ATTORNEYS' FEES

17.     As a result of Murex's breaches, Just Oil is entitled to recover all of its reasonable and necessary attorneys' fees incurred in the prosecution of this suit, including all attorneys' fees through trial, and for the successful defense of any favorable judgment on appeal.

## PRAYER

**WHEREFORE**, Plaintiff, **JUST OIL & GRAINS PTE. LTD.**, requests that on final hearing of this matter it have judgment over and against Defendant, **MUREX, LLC**:

(a)     for the amounts of damages as set out above;

(b)     for all attorneys' fees incurred in this case, and for the successful defense of any and all appeals by Defendant from a favorable judgment against it;

(c)     for prejudgment and post-judgment interest as provided by statute or by law;

(d)     for all costs of court; and

(e)     for all such other and further relief, both general and special, at law or in equity, to which the Plaintiff may show itself justly entitled.

5

Respectfully submitted,


**PHELPS DUNBAR LLP**


BY:    */s/ Michael E. Streich*
Michael E. Streich
Texas State Bar No. 24079408
Fed ID 1339959
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email:  Michael.Streich@phelps.com

**ATTORNEYS FOR**
**JUST OIL & GRAINS PTE. LTD.**

6